Pat **TONNEMACHER, and Charles B. Ackerman, individually and as representatives of a class, Plaintiffs,**

v.

**Timothy L. SASAK, and Paula Sasak, husband and wife; et al., Defendants.**

**Civ. No. 89–0201–PHX–SMM.**

United States District Court, D. Arizona.

March 1, 1994.

Joseph W. Bell, Fredrick P. Furth, Daniel S. Mason, Brien Kirk, Furth Fahrner & Mason, San Francisco, CA, R. Chip Larsen, James J. Farley, Farley Robinson & Larsen, Mesa, AZ, for plaintiffs.

David W. Dow, Robert Clifford Hackett, John R. Hoopes, Mohr Hackett Pederson Blakley Randolph & Haga, P.C., Phoenix, AZ, for Anchor Nat. Financial Services, Inc., Sunamerica and Broad, Inc.

David B. Rosenbaum, Edwin F. Hendricks, Catherine O'Grady, Meyer Hendricks Victor Osborn & Maledon PA, Phoenix, AZ, for McDermott, Will & Emery.

David Lawrence Abney, Dan M. Durrant, Streich Lang PA, Hal Michael Clyde, Michael W. Patten, Lynne Christensen Adams, Charles Buren Cliett, Jr., Carol A. Colombo, Brown & Bain PA, Phoenix, AZ, for Touche, Ross and Co.

Kathleen Coughenour DeLaRosa, Jennings Kepner & Haug, Craig R. Kepner, Phoenix, AZ, for Alaxender Koller

Kathleen Coughenour DeLaRosa, Jennings Kepner & Haug, Craig R. Kepner, Michael John Raymond, Raymond Greer & Sassaman, P.C., Phoenix, AZ, for J. Patrick McCarthy, Richard R. Morrow, III.

Larry G. Haddy, Larry G. Haddy, Ltd., Phoenix, AZ, Curtis D. Smith, Moss & Barnett, P.A., Minneapolis, MN, for Creative Equity Resources, Inc.

David G. Burlingame, Denver, CO, Neil Vincent Wake, Nancy G. Oyen, Law Offices of Neil Vincent Wake, Phoenix, AZ, for Multi-Financial Securities.

Tom Galbraith, Jenae Rose Naumann, Lewis & Roca, Phoenix, AZ, for Washington Life.

Lawrence E. Wilk, Leon Benjamin Silver, Bonnie Lee Booden, Jaburg & Wilk, P.C., Phoenix, AZ, for James C. Sell.

## MEMORANDUM OF DECISION AND ORDER

McNAMEE, District Judge.

Plaintiffs seek a court order compelling Defendant Touche Ross & Co. to produce internal audit manuals, which include the following: Audit Process Manual, Audit Practice Policies Manual, Accounting and Auditing Report Writing Manual (Appendix C, Personal Financial Statements), and Accounting Standards Manual. Touche contests the production of these manuals and has moved for a protective order.

The Plaintiffs' motion for production is denied. Touche's motion for a protective order is granted.

## DISCUSSION

Plaintiffs assert that the internal manuals are relevant, particularly with respect to the issue of scienter. Plaintiffs further argue that the manuals presumably contain Touche's official interpretation of GAAS (generally accepted auditing standards). To support their position, the Plaintiffs cite *Fields v. Oliver's Stores, Inc.,* No. CIV 87-0894, 1991 WL 44845, 1990 U.S.Dist. LEXIS 2271 (S.D.N.Y.1990).

In *Fields,* a case that also involved a discovery request for internal auditing manuals, the court noted that the manuals represented the single best source of information available to the plaintiffs on how the defendant conducted audits. *Id.* at *1, 1990 U.S.Dist. LEXIS 2271 at *2. The court further commented that, although internal auditing procedures might be irrelevant at trial, "understanding them could be vital to conducting meaningful depositions and might aid in learning whether or not [defendant's] auditors acted with scienter by conducting the audits in an irregular way." *Id.* at *1, 1990 U.S.Dist. LEXIS 2271 at *2-3. According to the court, any confidentiality concerns could be handled with a protective order.

Responding to the Plaintiffs' arguments in this case, Touche contends that its internal manuals are highly confidential and constitute proprietary trade secrets. Any disclosure of these materials, Touche contends, may damage its competitive standing in the accounting industry. Even a protective order, Touche explains, is unlikely to prevent the manuals from being disclosed to Touche's competitors, who are most likely to be retained as Plaintiffs' experts.

More importantly, Touche states the manuals are simply irrelevant to the Plaintiffs' claims. Touche first notes that the relevant standard of care is defined by GAAS and GAAP (generally accepted accounting principles) and not by any standards contained in the manuals. Explaining that internal manuals do not define the standard of care and, moreover, that any subjective guidelines contained in the manuals would not change the standard of care, Touche argues that the manuals are irrelevant to the issue of scienter. Touche notes that all audit team members uniformly testified that they did not rely on any internal manuals when performing services for the Avanti entities.

Additionally, Touche asserts that the manuals would add nothing to the information already disclosed through workpapers, audit programs, and deposition testimony. Touche also notes that the Plaintiffs have not demonstrated any need, much less a compelling need, for the manuals.

Touche relies on *In re Worlds of Wonder Sec. Litig.*, 147 F.R.D. 214 (N.D.Calif.1992) (order re discovery). Finding, one, that the defendant's internal auditing manuals were closely guarded trade secrets whose disclosure to competitors would most likely be harmful and, two, that the plaintiffs had not establish that the manuals were relevant and necessary to the case, the *Worlds of Wonder* court refused to compel production. *Id.* at 216. The court reasoned that workpapers, not the manuals, showed how the audit was conducted. *Id.* at 216. Further, the court found that GAAS and GAAP, not the manuals, established the standards against which the audit was to be measured. *Id.* Concerning the use of the internal manuals to define professional standards, the court stated: "It is also unfair to use professionals' self-imposed standards, which may exceed industry standards, against them to try to prove fraud." *Id.* at 217.

Upon review of both cases, this Court finds the opinion in *Worlds of Wonder* to be more persuasive when considering the facts of the instant case. Plaintiffs have not identified any situation in which the manuals could be helpful in understanding Touche's audit procedures or the meaning of its workpapers.

Touche's auditors repeatedly testified that they relied on GAAS and GAAP and not on internal manuals. Since 1991, Plaintiffs have had access to Touche's audit programs, which contain step-by-step checklists outlining the procedures an accountant may follow in performing an audit. Plaintiffs also have had full access to the Avanti workpapers and the recollections of the auditors who worked on the Avanti engagements.

Touche's internal manuals are highly confidential and proprietary trade secrets. Disclosure of the manuals could damage Touche's competitive standing in the accounting industry. The Plaintiffs have not demonstrated any need for the manuals nor convinced the Court of the manuals' relevance. The Plaintiffs do not dispute that the appropriate standard of care is defined by GAAS and GAAP and not by internal guidelines. Accordingly, the Court will not compel production of Touche's internal auditing manuals at this time. In the event that future discovery determines that Touche relied on standards contained in internal manuals and not GAAS and GAAP, the Plaintiffs may renew their motion.

**IT IS THEREFORE ORDERED** that Plaintiffs' Memorandum re Production of Touche Ross Manuals, filed October 15, 1993 (# 533), is DENIED.

**IT IS FURTHER ORDERED** that Defendant Touche Ross & Co.'s Motion for a Protective Order to bar disclosure of the manuals, filed November 8, 1993 (# 542), is GRANTED.